**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DAVID E. MCMACKINS,    *
            *
      Plaintiff,  *
            *
v.            *
            *
CAROLYN W. COLVIN, Acting  *    No. 4:13CV00492-JJV
Commissioner, Social Security  *
Administration,      *
            *
      Defendant.  *

**MEMORANDUM OPINION AND ORDER**

Plaintiff, David McMackins, appeals the final decision of the Commissioner of the Social

Security Administration (the "Commissioner") denying his claim for disability insurance benefits

("DIB") under Title II of the Social Security Act (the "Act"). For reasons set out below, the decision

of the Commissioner is AFFIRMED.

**I.  BACKGROUND**[1]

On December 20, 2010, Mr. McMackins protectively filed for DIB due to severe migraines,

borderline high blood pressure, and acid reflux. (Tr. 19) His claims were denied initially and upon

reconsideration. At Mr. McMackins's request, an Administrative Law Judge ("ALJ") held a hearing

on May 1, 2012, where Mr. McMackins appeared with his lawyer, Mr. McNabb. (Tr. 30) Mr.

McMackins was forty years old at the time of the hearing, and he has an associates degree from ITT

---

[1]Mr. McMackins, Mr. McNabb, and Administrative Law Judge Schafer agree this is Mr. McMackins's "second application" for disability insurance benefits under Title II of the Social Security Act with an amended onset date of November 25, 2010. (Tr. 33) Claimant did not apply for Title XVI supplemental security income. (Tr. 17) Mr. McMackins's first application alleged a disability onset date of July 28, 2009. (Tr. 77) On November 24, 2010, Administrative Law Judge Manley denied Mr. McMackins's first application for DIB and SSI under Titles II and XVI of the Social Security Act. (Tr. 77-83) Each ALJ found the same substantial inconsistencies and discounted evidence in the record. (Tr. 23, 82)

Technical Institute.  (Tr. 34)  At the hearing, the ALJ heard testimony from Mr. McMackins and a

vocational expert ("VE").  (Tr. 32-53) Consistent with the VE's testimony, the ALJ determined that

Mr. McMackins had past relevant work experience as a CAD drafter, draftsman, construction

worker, lumber yard worker, small products assembler, and installer.  (Tr. 24)

On May 24, 2012, the ALJ ruled that Mr. McMackins was not disabled under the Act.  (Tr.

14-25)  On June 12, 2012, Mr. McMackins requested an Appeals Council review of the ALJ's

decision.  (Tr. 11-12)  His attorney submitted another brief and a new clinic note from Dr. Wandal

Money.  (Tr. 11-13)  Dr. Money is Mr. McMackins's treating physician, and the new clinic note was

not available to the ALJ.  On June 25, 2013, the Appeals Council denied Mr. McMackins's request

for review, making the ALJ's decision the Commissioner's final decision.  (Tr. 1-5)

## II.      DECISION OF THE ADMINISTRATIVE LAW JUDGE[2]

The ALJ found that Mr. McMackins had not engaged in substantial gainful activity since

November 24, 2010, and he had the following severe impairments: chronic headache syndrome and

anxiety.  (Tr. 19)  However, the ALJ found that Mr. McMackins did not have an impairment or

combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart

P, Appendix 1.[3]  (Tr. 20)

The ALJ determined that Mr. McMackins has the residual functional capacity ("RFC") to

perform "simple, routine, repetitive tasks; he would require supervision that is simple, direct, and

---

[2]The ALJ followed the required sequential analysis to determine: (1) whether the claimant
was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment;
(3) if so, whether the impairment (or combination of impairments) met or equaled a listed
impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the
claimant from performing past relevant work; and (5) if so, whether the impairment (or combination
of impairments) prevented the claimant from performing any other jobs available in significant
numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) (2005).

[3]20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

concrete; and he would be restricted from performing work involving production quotas such as assembly line or piece work." (Tr. 21)  The VE testified that the jobs available with these limitations were grocery bagger and dishwasher.  (Tr. 24)  After considering the VE's testimony, claimant's age, education, work experience, and RFC, the ALJ determined that Mr. McMackins was not disabled and he could perform a significant number of other jobs existing in the national economy.  (Tr. 24-25)

## III.    ANALYSIS

### A.    Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[4]  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[5]  In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision, but the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[6]

### B.    Mr. McMackins's Arguments for Reversal

Mr. McMackins asserts that the Commissioner's decision should be reversed because it is not supported by substantial evidence, and the newly-submitted clinic notes solve the inconsistencies in Dr. Money's notes.[7]  (Tr. 11)  Specifically, Mr. McMackins contends that the ALJ (1) erred when determining the RFC by focusing on inconsistencies in the record instead of giving proper weight

---

[4]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[5]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[6]*Boettcher*, 652 F.3d at 863 (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

[7]20 C.F.R. §§ 404.970 and 416.1470.

to the evidence in the record; and (2) material evidence was uploaded to the record on May 17, 2012, which could not have been considered by the ALJ.  (Tr. 11)

       1.     Treating Physician's Migraine Headache Form

Mr. McMackins was involved in an auto accident approximately eighteen years before the May 1, 2012, hearing, and he has suffered from chronic migraines since.  (Tr. 35, 63)  Mr. McMackins has been on multiple medications, and he alleges he is limited in his ability to work due to his migraine headaches.  (Tr. 19)

Plaintiff's strongest evidence comes by way of statements of his treating physician,  Wandal Money, M.D.  Dr. Money provided a January 2011, "Treating Physician's Migraine Headache Form" suggesting Plaintiff was unable to work because of the frequency of his migraines.  (Tr. 244) But there are inconsistencies between this form and Dr. Money's treatment notes.  An October 12, 2010, treatment notes reports, "He still uses a pain medicine symptomatically.  He does reasonably well doing that.  His pain is managed and is controlled for the most part, and he tolerates the medicine. . . He does not feel that any changes need to be made at this time." (Tr. 232)  On December 7, 2010, Dr. Money reported, "His pain continues to be well controlled and he continues to do well on his current regimen." (Tr. 230) Later in April 2011, Dr. Money reported, "His headaches are well controlled on the medicines that we are using."  (Tr. 248) Accordingly, the ALJ could correctly discount the "Headache Form" supplied by Dr. Money.

       2.     New Material Evidence

The United States Court of Appeals for the Eighth Circuit has determined that a reviewing court's role "is to determine whether an ALJ's decision is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made," and "requires [the] court to decide how the ALJ would have weighed the new evidence had it existed at

the initial hearing."[8]  Mr. McMackins submitted the new May 7, 2012, clinic notes to the Appeals

Council for review under 20 C.F.R. §§ 404.970 and 416.1470.  (Tr. 13)  Mr. McMackins asserts the

clinic notes resolve all discrepancies and allows the record to be read consistently with the treating

notes.  (Tr. 11-13)   However, the May 7, 2012, notes fail to support Plaintiff's contention.  In these

notes, Dr. Money identifies Mr. McMackins's current problems as "mostly financial since he

recently got married."  (Tr. 13)  Dr. Money also explains that Mr. McMackins's medication did not

"completely do away with the pain," but "[a]s long as he takes the [Oxycodone]. . . his quality of life

is significantly improved and he has more days out of bed than in bed."  (Tr. 13)  Yet, he "felt that

[Mr. McMackins] was unable to work because of the effects of the Oxycodone . . . ."  He further

asserted the pain would sometimes "break through and result in significant disability though it may

be temporary."  (Tr. 13)  The notes are somewhat self-contradictory as well as contrary to previous

statements that all attempts to control pain with medications was a complete failure.  (Tr. 244)

On June 25, 2013, the Appeals Council properly denied Mr. McMackins's request for review

after considering the new brief and the new evidence introduced subsequent to the ALJ's decision.

(Tr. 1-3)  The Appeals Council reviewed the entire claim based on Mr. McMackins's disagreements

with the ALJ's decision and the subsequently introduced notes.  (Tr. 1-3)  The ALJ ruled based on

substantial evidence of discrepancies in the record, and because of such discrepancies, he chose to

give little weight to Dr. Money's contradictory notes and Mr. McMackins's subjective observations.

(Tr. 22-23)

## IV.    CONCLUSION

Plaintiff has advanced other arguments that the Court has considered and finds to be without

merit.  The Court has reviewed the entire record, including the briefs, the ALJ's decision, the

---

[8]*Bergmann v. Apfel*, 207 F.3d 1065, 1068 (8th Cir. 2000).

transcript of the hearing, and the medical and other evidence.  Clearly Plaintiff suffers from some degree of pain and limitation as a result of his migraine headaches and he has presented evidence that supports his position.  But it is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

Accordingly, the Commissioner's decision is affirmed and Mr. McMackins's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 19th day of August, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE